ORDER
The 1970 divorce between Donald Parrillo and Nancy Reilly triggered an avalanche of litigation that continues to this day. We now consider six cases filed by Parrillo and his children that have been consolidated for appeal. In July 2001 he and daughter Kimberly Schob brought suit in federal district court alleging that various defendants had violated their civil rights by participating in an Indiana state-court proceeding to domesticate a property settlement agreement reached in a 1994 Illinois proceeding between Parrillo and Reilly. The Indiana litigation resulted in the seizure and sale of Parrillo’s assets, including a condominium located in Michigan City. Along the way, Parrillo was held in civil contempt and jailed for approximately three weeks.
The plaintiffs filed their complaint in federal district court in Illinois against Reilly; her divorce attorneys, Donald Rice and Frank Wesolowski; Parrillo’s former bankruptcy attorney, I. Alexander Woloshansky; and Schob’s former attorney, Michael Back. The plaintiffs alleged that these defendants violated their due process rights by wrongfully taking their property, see 42 U.S.C. § 1983, and that Back and Woloshansky committed legal malpractice.
Days later the plaintiffs filed an amended complaint attacking several defendants *132 involved in the Indiana domestication proceeding. The amended complaint added civil rights claims against four Indiana state-court judges; Gregory Hofer, a commissioner appointed by the Indiana court to execute the domesticated judgment; Janet Klemczak, Hofer’s legal assistant; and LaPorte County, where the action was brought. Schob also alleged that Michael Stryjewski, an attorney she hired to file a civil rights complaint in Indiana, committed legal malpractice.
In October the district court severed the case and transferred the plaintiffs’ claims against the newly added defendants to the Northern District of Indiana. See 28 U.S.C. §§ 1391,1404(a). In December the Illinois district court dismissed the plaintiffs’ § 1983 claims against Reilly, Rice, Wesolowski, and Back for lack of subject-matter jurisdiction, concluding that the plaintiffs were impermissibly seeking federal district court review of the Indiana domestication judgment. See Rooker v. Fid. Trust Co., 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476,103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The court also dismissed Schob’s malpractice claim against Back for failure to state a claim under Indiana law. See Fed. R.Civ.P. 12(b)(6). Finally, the court dismissed Parrillo’s § 1983 claim against Woloshansky under Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and transferred his malpractice claim against Woloshansky to the Northern District of Indiana, see 28 U.S.C. §§ 1391, 1404(a). In doing so, the court failed to certify a partial final judgment under Fed.R.Civ.P. 54(b).
In January 2002 the Indiana district court dismissed the plaintiffs’ § 1983 claims against Hofer, Klemczak, LaPorte County, and the four state judges under the Rooker-Feldman doctrine. The court,
however, denied Stryjewski’s motion to dismiss Schob’s legal malpractice claim, and certified a partial final judgment under Fed.R.Civ.P. 54(b). Presently there are two claims pending in Indiana-Parrillo’s malpractice claim against Woloshansky and Schob’s malpractice claim against Stryjewski.
The plaintiffs have appealed both judgments (case numbers 01-4334 and 02-1308), but offer only frivolous arguments attacking the decisions of both district courts. Most of their claims were dismissed under the Rooker-Feldman doctrine, which holds that federal district courts do not have subject-matter jurisdiction to review state court decisions, see Rooker, 263 U.S. at 416; Feldman, 460 U.S. at 476. This doctrine is not limited to explicit claims alleging injury by the judgment itself, but also precludes jurisdiction over claims “inextricably intertwined” with a state-court determination such that the federal claim succeeds only to the extent that the state court wrongly decided the issue before it. Remer v. Burlington Area Sch. Dist, 205 F.3d 990, 996 (7th Cir.2000). The pivotal question is whether the injury alleged by the federal plaintiff resulted from the state-court judgment itself or is distinct from that judgment. Rizzo v. Sheahan, 266 F.3d 705, 713 (7th Cir.2001).
Here, all of the plaintiffs’ alleged injuries stemmed from the domestication judgment. Indeed, the complaint expressly attacked that judgment (the plaintiffs argue on appeal that the judgment is void), and the plaintiffs alleged that their injuries resulted directly from it. The plaintiffs claim that these defendants are hable for money damages for actions carried out during the domestication proceeding: Reilly, Rice, Wesolowski, and Back, for falsifying documents and conspiring with the Indiana court to deprive the plaintiffs of property; and the Indiana-based defen *133 dants, for erroneously adjudicating the proceeding or enforcing the judgment. Had the plaintiffs successfully blocked the Indiana domestication of the Illinois judgment, they would have had no injury and no constitutional claims to bring to the district court. See T.W. v. Brophy, 124 F.3d 893, 898 (7th Cir.1997). Accordingly, the district court lacked subject-matter jurisdiction over the plaintiffs’ § 1983 claims relating to the domestication proceeding.
The Illinois district court also concluded that Parrillo’s § 1983 claim against Woloshansky was barred by Heck, a decision that he now takes issue with. But as Woloshansky correctly points out, we cannot review the appropriateness of that determination — Parrillo’s malpractice claim against Woloshansky remains in Indiana, and the Illinois district court did not certify a partial final judgment under Rule 54(b) when it dismissed the § 1983 claim against him. Consequently, the Illinois court’s judgment was nonfinal under 28 U.S.C. § 1291, and we do not have appellate jurisdiction to review the dismissal of that claim. See United States v. Ettrick Wood Prods., Inc., 916 F.2d 1211, 1217 (7th Cir.1990) (order lacking a Rule 54(b) certification that determines only some claims in a multiclaim case is nonfinal and therefore not appealable).
Schob also challenges the Illinois district court’s dismissal of her malpractice claim against Back under Rule 12(b)(6). Although Schob asserts that the court erred, she does not explain why, and her failure to present a coherent argument without legal authority dooms her challenge to the court’s determination. See Fed. R.App. P. 28(a)(9); Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir. 2001).
We have also consolidated for appeal four additional lawsuits arising from the Parrillo-Reilly divorce. The first (no. 02-2778) is an action brought by Parrillo and Schob under 42 U.S.C. § 1985 alleging that Reilly, Rice, and bankruptcy trustee Joseph Bradley conspired to prevent them from attending a bankruptcy proceeding. The district court granted the defendants’ motion to dismiss for lack of subject-matter jurisdiction, see Fed.R.Civ.P. 12(b)(1), and for lack of personal jurisdiction, see Fed.R.Civ.P. 12(b)(2). Some three weeks later, the plaintiffs moved to set aside the judgment on the ground that they were not properly notified of the defendants’ dismissal motion. See Fed.R.Civ.P. 60(b). The court, however, denied their request. The plaintiffs now challenge that denial, but their appeal is frivolous. The plaintiffs’ concerns about how the bankruptcy case was handled should have been addressed through a bankruptcy appeal, not by a new civil suit. Moreover, the court could not have abused its discretion by denying Rule 60(b) relief because the plaintiffs’ underlying claims were not cognizable under § 1985 — their complaint did not allege that the defendants’ actions were motivated by racial, or otherwise class-based, discriminatory animus. See Green v. Benden, 281 F.3d 661, 665 (7th Cir .2002).
Another suit (no. 02-2560) was filed by the former couple’s son, Timothy Parrillo, who alleged that Reilly and her attorneys owe him money for assets seized in LaPorte County, Indiana that purportedly belonged to a dissolved corporation in which he was a shareholder. He also alleged under § 1983 that Hofer, Klemczak, and Laporte County violated his civil rights by wrongfully seizing the assets. The district court dismissed Timothy’s amended complaint for lack of subject-matter jurisdiction, see Fed.R.Civ.P. *134 12(b)(1), and for improper venue, see Fed. R.Civ.P. 12(b)(2).
On appeal Timothy argues that the district court erred by dismissing his claims, but his appeal is without merit. He alleged that the defendants wrongfully took the contested property on April 10, 1999, but he did not file suit until February 25, 2002, almost three years later. That is too late — in Indiana a two-year statute of limitations applies to claims brought under § 1983. Snodderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 895 (7th Cir.2001). Without a federal claim, all that remains are Timothy’s claims arising under state law, but the court properly dismissed them as well. Complete diversity is lacking, and Timothy has made no showing that the court abused its discretion by refusing to exercise supplemental jurisdiction over his state-law claims, see 28 U.S.C. § 1367(c). We do note, however, that the district court’s dismissal of his state-law claims should have been without prejudice, and we accordingly modify the judgment in that respect.
And finally Donald Parrillo filed two more appeals (nos. 02-2706 & 02-2723), stemming from two Indiana bankruptcy proceedings. In one, the bankruptcy court concluded that Parrillo’s debts were nondisehargeable; in the other, a bankruptcy judge ordered him to relinquish the Michigan City condominium and other assets to the bankruptcy trustee. On appeal Parrillo baldly asserts that both decisions should be set aside. But instead of developing arguments, his brief states that the decisions below were wrongly decided for the reasons stated in various motions he filed with the bankruptcy court. Parrillo’s brief is inadequate and cannot preserve his appeals; appellate briefs may not incorporate other documents by reference, see Albrechtsen v. Bd. of Regents of the Univ. of Wis. Sys., 309 F.3d 433, 436 (7th Cir.2002), and skeletal, undeveloped arguments are waived, see United States v. Spiller, 261 F.3d 683, 692 n. 9 (7th Cir. 2001).
We therefore affirm the judgments underlying these consolidated appeals, with the judgment in 02-2560 affirmed as modified. We also ORDER Donald Parrillo, Kimberly Schob, and Timothy Parrillo to show cause why they should not be sanctioned for filing frivolous appeals. See Fed. RApp. P. 38. We recently sanctioned Donald Parrillo $5,000 for filing a frivolous appeal in another case arising from this quagmire. See Parrillo v. Reilly, no. 02-2916. To date he has failed to pay and we accordingly barred him from making any additional filings in this circuit. See Support Sys. Int’l, Inc. v. Mack, 45 F.3d 185, 186 (7th Cir.1995). That order notwithstanding, the clerk of this court shall permit Parrillo to respond to this show cause order if he so chooses. The plaintiffs have 21 days to file a response.