**Kirti A. MEHTA, Plaintiff–Appellant,**

v.

**DES PLAINES DEVELOPMENT LIMITED, Trading as Harrah's Joliet Casino & Hotel, et al., Defendants–Appellees.**

No. 04–3262.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 13, 2005.*

Decided Jan. 14, 2005.

Rehearing Denied Feb. 9, 2005.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Kirti A. Mehta, Bolingbrook, IL, pro se.

Francis P. Kasbohm, Fraterrigo, Best & Beranek, Chicago, IL, for Defendants–Appellees.

Before EASTERBROOK, RIPPLE, and SYKES, Circuit Judges.

## ORDER

Between 1996 and 2000, Kirti Mehta was a frequent guest at Harrah's casino in Joliet, Illinois. Harrah's, like many other casinos, encourages its customers to gamble by offering them vouchers for complimentary goods and services (such as meals, beverages, and hotel rooms) based on the amount they gamble. Vouchers may also be offered to appease customers who express dissatisfaction with their gaming experience. Over the years, Mr. Mehta obtained and redeemed a number of these "comp" vouchers, but in late 1999 his efforts began to meet with some resistance. He claims that Harrah's staff refused to honor several comps that had been issued him, and that several staff members insulted him by making derogatory references to his national origin (he is originally from India). In early November 2000, he threatened to sue Harrah's for discrimination.

Soon after that threat, there was another confrontation concerning a $43 dinner voucher. The voucher had been issued more than a week earlier, but Mr. Mehta had asked that it be post-dated it so he could use it past its expiration date. When he attempted to redeem the voucher, Harrah's employee Sandra Rzeszutko told him that it had already expired and was thus invalid. A physical scuffle ensued between Mr. Mehta and Ms. Rzeszutko over possession of the voucher, after which Mr. Mehta was escorted off the premises. Harrah's security personnel requested the help of Officer Thomas Stein, a Joliet police officer assigned to work at Harrah's. Officer Stein briefly investigated and concluded that there was probable cause to arrest Mr. Mehta for battery. Mr. Mehta was ultimately charged with and convicted of battery and resisting arrest.

Mr. Mehta then filed this four-count lawsuit against Harrah's and five of its employees. (Neither Officer Stein nor the City of Joliet was named as a defendant.) Mr. Mehta alleged that Harrah's employees discriminated against him because of his national origin when they refused to honor his comp vouchers; that they retaliated against him by continuing to humiliate and harass him after he threatened to sue; that they engaged in "willful wanton misconduct" by pressing battery charges against him; and that he was arrested

without probable cause in violation of the Fourth Amendment.

After protracted discovery, the defendants moved for summary judgment. Because Mr. Mehta did not identify the statutory basis for his discrimination and retaliation claims, the court considered whether he could proceed under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, which prohibits discrimination based on national origin in places of public accommodation. The court noted that in Illinois, a Title II plaintiff must give notice of the alleged discrimination to the state's Department of Human Rights before filing suit in federal court, *see* 42 U.S.C. § 2000a–3; *Stearnes v. Baur's Opera House, Inc.*, 3 F.3d 1142, 1145 (7th Cir.1993). Because Mr. Mehta had not done so, the court concluded that he had preserved no claims under Title II.

The court also considered whether Mr. Mehta could state a claim under 42 U.S.C. § 1981, which prohibits discrimination based on race in the making or enforcing of contracts (in this case, the comp voucher). Observing that Mr. Mehta had consistently alleged not racial discrimination but discrimination based on his national origin, the court concluded that he could not proceed under that statute either. *See Von Zuckerstein v. Argonne Nat'l Lab.*, 984 F.2d 1467, 1472 (7th Cir.1993) ("[C]laims founded on [national origin] are not cognizable under section 1981, which is designed to remedy discrimination based on race or ethnicity."). The court therefore dismissed Mr. Mehta's discrimination and retaliation claims with prejudice.

As for the claims arising from Mr. Mehta's arrest and prosecution, the court found that they could not succeed under any federal civil-right statutes. None of the defendants had acted under color of state law in pressing charges against Mr. Mehta, as required to state a claim under 42 U.S.C. § 1983, *see Kelley v. Myler*, 149 F.3d 641, 648 (7th Cir.1998), and there was no evidence that any of them was motivated by discriminatory animus, as needed to show a civil conspiracy under 42 U.S.C. § 1985, *see Green v. Benden*, 281 F.3d 661, 665 (7th Cir.2002). To the extent that Mr. Mehta was raising a state-law false-arrest claim, the court declined to exercise supplemental jurisdiction. The court therefore granted summary judgment for the defendants.

On appeal, Mr. Mehta insists that Harrah's and its employees did act under color of state law in the events leading up to his arrest. But a private person does not act under color of state law solely by virtue of contacting and cooperating with the police. *See Kelley*, 149 F.3d at 649. And although a private citizen may become liable under § 1983 by conspiring with a public official to deprive someone of a constitutional right, *see Proffitt v. Ridgway*, 279 F.3d 503, 507 (7th Cir.2002) (citing *Dennis v. Sparks*, 449 U.S. 24, 27–28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980)), there is no evidence of any agreement between the defendants and Officer Stein to do so in this case. As the district court observed, Officer Stein responded to the defendants' report of battery, conducted his own investigation, and independently determined that there was probable cause for arrest. The district court properly granted summary judgment for the defendants on the claims arising from that arrest.

Mr. Mehta also argues that the court should not have dismissed his § 1981 discrimination claim simply because it was expressed in terms of national origin rather than race. As we noted in *Von Zuckerstein*, 984 F.2d at 1472, the distinction between claims based on national origin and claims based on race is not precise, and we have suggested that "failure to plead discrimination based on race or eth-

nicity for section 1981 purposes is not necessarily fatal" where a plaintiff has alleged national-origin discrimination. *See id.* But even if Mr. Mehta could proceed with a claim based on race-discrimination, he would still need to present sufficient evidence to allow a reasonable jury to conclude that such discrimination took place—specifically, that Harrah's and its employees refused to honor Mr. Mehta's $43 dinner voucher because of his Indian ethnicity.

Like claims under Title VII, 42 U.S.C. §§ 2000e *et seq.,* a discrimination claim under § 1981 can be supported by either direct or indirect evidence. *See Cerutti v. BASF Corp.,* 349 F.3d 1055, 1060 n. 4 (7th Cir.2003). Mr. Mehta makes no attempt to proceed using the indirect method. Instead, he points to three racially derogatory statements addressed to him by Harrah's employees which he argues constitute direct evidence of discrimination: (1) a casino supervisor called him a "beggar" and told him to "[g]o back to the country where you came from"; (2) a hotel employee referred to him as a "f_____ Indian"; (3) an unidentified person in the VIP lounge used the phrase "camel jockey."

Assuming that such statements were made (as we must at this stage, *see Herron v. DaimlerChrysler Corp.,* 388 F.3d 293, 299 (7th Cir.2004)), they are nevertheless insufficient to show discriminatory intent behind the decision not to honor Mr. Mehta's $43 comp voucher. *See Sanghvi v. St. Catherine's Hosp., Inc.,* 258 F.3d 570, 574–75 (7th Cir.2001) (even where party has produced some direct evidence of discrimination, summary judgment against him may nevertheless be appropriate where no reasonable jury could find in his favor). None of the alleged slurs was made by Sandra Rzeszutko, the employee who ultimately determined that the voucher was invalid because it had expired, and none of them is a direct admission of discriminatory intent. *See Radue v. Kimberly–Clark Corp.,* 219 F.3d 612, 616 (7th Cir.2000) ("Direct evidence essentially requires an *admission by the decision-maker* that his actions were based on the prohibited animus.") (emphasis added). And they are too few and too scattered to establish "the convincing mosaic of circumstantial evidence" otherwise needed for a plaintiff to prevail under the direct method. *Cerutti,* 349 F.3d at 1066. Mr. Mehta would therefore be unable to succeed in his claim under § 1981.

We therefore AFFIRM the judgment of the district court. The defendants request that Mr. Mehta be sanctioned for filing a frivolous appeal, but they have not submitted the "separately filed motion" necessary for us to consider their request. *See* Fed. R.App. P. 38; *LINC Fin. Corp. v. Onwuteaka,* 129 F.3d 917, 924–25 (7th Cir.1997).