In the
United States Court of Appeals
For the Seventh Circuit

Nos. 01-1328, 01-2399

THEOPHILUS GREEN,

Plaintiff-Appellant,

v.

MARY ANN BENDEN, et al.,

Defendants-Appellees.

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 C 6002--Wayne R. Andersen, Judge.

Submitted December 14, 2001--Decided February 21, 2002


   Before Fairchild, Diane P. Wood, and
Williams, Circuit Judges.

   Williams, Circuit Judge.  Theophilus
Green sued under 42 U.S.C. sec.sec. 1981
and 1983, alleging that the Illinois
Department of Professional Regulation
("DPR") and two DPR attorneys
(collectively, the "Illinois Defendants")
violated his rights to due process and
equal protection in bringing
administrative disciplinary proceedings
against him to suspend his clinical
psychologist's license. Dr. Green also
asserted a claim under 42 U.S.C. sec.
1985 for civil conspiracy against the DPR
and Health Care Service Corporation
("HCSC"). The district court dismissed
some of Dr. Green's claims and granted
summary judgment to the defendants on the
remaining claims. Dr. Green appeals, and
we affirm in part and vacate in part.


   I.  Factual Background

   Dr. Green, an African American, received
a degree in clinical psychology in 1982
and from then until 1989 practiced
clinical psychology in Illinois without a
license. In 1990 Dr. Green passed the
Illinois clinical psychologist's
examination and obtained a license.

   In 1996 the DPR instituted disciplinary
proceedings against Dr. Green, alleging

that he had violated Illinois law by practicing clinical psychology without a license and by making false statements on another psychologist's licensing application forms. After a hearing the DPR's disciplinary board suspended Dr. Green's license for a minimum of two years and imposed various conditions on its reinstatement. The disciplinary board also barred Dr. Green from supervising prospective licensees as long as his license was suspended and fined him $8,000. Thereafter, HCSC, which required psychologists to be licensed as a prerequisite to reimbursement, ceased all payments to Dr. Green for services that he rendered to its insureds.

Dr. Green sought administrative review in state court; the Circuit Court of Cook County, Illinois, upheld the suspension but vacated the fine. Dr. Green appealed to the Illinois Appellate Court.

Dr. Green's state-court appeal was still pending when in September 1999 he filed this lawsuit. Dr. Green alleged that the Illinois Defendants violated his rights to due process and equal protection by targeting him for disciplinary action based on his race and in retaliation for his testimony in another disciplinary hearing that was favorable to the psychologist under investigation. Dr. Green further alleged that HCSC and the DPR had conspired "to deny [him] the opportunity to . . . practice his profession" based on his race because HCSC (1) refused to reimburse him for services he rendered to its insureds, and (2) provided his patients' confidential medical reports and other unspecified information to the Federal Bureau of Investigation in response to grand jury subpoenas. Dr. Green also asserted claims against the Wisconsin Department of Professional Regulation and certain of its representatives, but those claims are not a part of this appeal. Dr. Green sought a declaration that the DPR disciplinary proceedings were illegal and an award of damages. In November 1999 Dr. Green also sought a preliminary injunction ordering the DPR to restore his license.


II.  The District Court Proceedings

In April 2000 the district court denied

Dr. Green's request for injunctive relief. The court concluded that Dr. Green had not demonstrated a likelihood of success on the merits because he presented no evidence that the DPR proceedings were racially motivated.

In September the court entered orders dismissing some of Dr. Green's claims and granting summary judgment to the defendants on the remaining claims. Specifically, the court dismissed the entire suit against the DPR and its attorneys in their official capacities, concluding that they were immune under the Eleventh Amendment of the United States Constitution. The court granted summary judgment in favor of HCSC as to the civil conspiracy claim, concluding that Dr. Green presented no evidence that HCSC's actions were motivated by racial animus. Finally, the court granted summary judgment to the DPR attorneys in their individual capacities, a ruling that Dr. Green does not challenge on appeal.

In January 2001 the district court entered a partial judgment under Federal Rule of Civil Procedure 54(b) as to HCSC. Dr. Green timely filed a notice of appeal, which was assigned docket number 01-1328. In June 2001 the district court entered a partial judgment under Rule 54(b) as to the Illinois Defendants. Dr. Green timely filed a notice of appeal, which was assigned docket number 01-2399. We consolidated the appeals on our own motion.

III.  Analysis

On appeal Dr. Green challenges the district court's denial of injunctive relief and the grant of summary judgment as to his civil conspiracy claim. Dr. Green also contends that the district court erred in failing to enter a default judgment in favor of his co-plaintiffs. At the outset, we dispense with Dr. Green's default judgment argument. Any claims that Dr. Green's co-plaintiffs, Associated Psychological Services and Psychological Solutions, P.C., might otherwise have are not before us. The co-plaintiffs were unrepresented before the district court, which never decided any of their claims. Additionally, the co-plaintiffs are unrepresented before this court and have not filed notices of

appeal on their own behalf. See Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829, 830-31 (7th Cir. 1986). We therefore limit our review to Dr. Green's remaining arguments on appeal.

## A. Civil Conspiracy

Dr. Green's argument is difficult to grasp, but he appears to contend that the district court erred in granting summary judgment by ignoring evidence that establishes the existence of a conspiracy between HCSC and the DPR. First, Dr. Green highlights two affidavits--one from Allen Piening, the psychologist in whose disciplinary hearing Dr. Green testified, and one from J. Chris Goodman, Dr. Piening's attorney. Dr. Green argues that these affidavits show that the DPR targeted him for prosecution based on his race. Second, Dr. Green claims that he presented evidence that HCSC breached an unspecified legal duty to investigate the DPR's charges and assist him in establishing that he was immune from the disciplinary proceedings.

We first note that the district court relied on documents extraneous to the complaint but nonetheless analyzed the conspiracy claim in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thus, the court effectively converted HCSC's motion to dismiss into one for summary judgment, see Fed. R. Civ. P. 12(c), but the record is not clear as to whether the court gave Dr. Green the requisite notice of conversion and an opportunity to respond, see id.; Massey v. Helman, 259 F.3d 641, 646 n.8 (7th Cir. 2001). The procedural oversight, assuming it exists, does not require reversal if there is nothing that Dr. Green could have submitted to the court that would have created a genuine issue of fact, see id., and that is the case here. The district court granted Dr. Green an evidentiary hearing and repeatedly allowed him to submit new evidentiary materials in support of his conspiracy claim. In our de novo review, we construe the evidence in the light most favorable to Dr. Green, drawing all reasonable inferences in his favor. Velasco v. Ill. Dep't of Human Servs., 246 F.3d 1010, 1016 (7th Cir. 2001).

To establish a claim for civil

conspiracy under sec. 1985(3), a plaintiff must demonstrate (1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of a conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens. Hernandez v. Joliet Police Dep't, 197 F.3d 256, 263 (7th Cir. 1999). The plaintiff also must show some racial, or otherwise class-based, invidiously discriminatory animus behind the conspirators' actions, and that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment. Majeske v. Fraternal Order of Police, Local Lodge No. 7, 94 F.3d 307, 311 (7th Cir. 1996). To establish the existence of a conspiracy, a plaintiff must show that the conspirators agreed to inflict injury upon him; in other words, that they acted with a single plan, the general nature and scope of which was known to each conspirator. Hernandez, 197 F.3d at 263. Agreement may be inferred from circumstantial evidence, but only if it is sufficient to permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives. Id.

The record contains no evidence that anyone representing HCSC had any relationship or contact with anyone representing the DPR before or during the disciplinary proceedings, let alone specifically agreed to injure Dr. Green. Mr. Goodman's and Dr. Piening's affidavits are not evidence of a conspiracy; they do not mention HCSC and are limited to the affiants' observations about Dr. Piening's and Dr. Green's disciplinary hearings. Nor do the affidavits contain anything to suggest that the Illinois Defendants targeted Dr. Green based on his race. Similarly, Dr. Green's bare assertion that HCSC breached a legal duty to help him develop an immunity defense to the disciplinary proceedings, while being legally unsupportable, in no way suggests collusion with the DPR. Dr. Green cannot establish the existence of a conspiracy, and summary judgment was appropriate for that reason. Thus, we need not analyze the other shortcomings of his claim.

B.  The Illinois Defendants

We do not reach the merits of Dr. Green's challenge to the denial of his request for injunctive relief because we agree with the Illinois Defendants that the district court should have abstained under Younger v. Harris, 401 U.S. 37 (1971), and its progeny. The Younger abstention doctrine requires federal courts to abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate. Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432, 436-37 (1982); Majors v. Engelbrecht, 149 F.3d 709, 711 (7th Cir. 1998).

As an initial matter, we reject Dr. Green's argument on appeal that the DPR waived its Younger argument. We recognize that a state may waive Younger abstention, see Ohio Bureau of Employment Servs. v. Hodory, 431 U.S. 471, 477-80 (1977); Kendall-Jackson Winery, Ltd. v. Branson, 212 F.3d 995, 997 (7th Cir. 2000), but our review of the record reveals that in responding to Dr. Green's complaint and request for injunctive relief the Illinois Defendants repeatedly requested that the district court abstain under Younger.

The Younger factors all favor abstention. First, Dr. Green's state-court administrative review action, which plainly is judicial in nature, was pending when he filed this lawsuit. Whether the state action is still pending does not matter for our purposes, see Majors, 149 F.3d at 712, although as far as we know it is still pending.

Second, the DPR proceedings implicate important state interests in the regulation and licensing of mentalhealthcare professionals. See Majors, 149 F.3d at 713 ("That the regulation and licensing of healthcare professionals is an important matter of state concern is beyond dispute.").

Third, state-court administrative review of the DPR proceedings constitutes an

adequate opportunity for Dr. Green to raise his due process and equal protection challenges. See Ohio State Civil Rights Comm'n v. Dayton Christian Schs., Inc., 477 U.S. 619, 629 (1986). This is because under Illinois law, Dr. Green could have brought these challenges along with his claim for administrative review. See Stykel v. City of Freeport, 742 N.E.2d 906, 914 (Ill. App. Ct. 2001); Nelson v. Murphy, 44 F.3d 497, 502 (7th Cir. 1995). It matters not whether Dr. Green actually presented these challenges in state court. "[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that the state procedures will af ford an adequate remedy." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987).

Finally, Dr. Green does not claim that any extraordinary circumstances exist that make abstention inappropriate. See Ramsden v. AgriBank, FCB, 214 F.3d 865, 871 (7th Cir.) (party claiming extraordinary circumstances must demonstrate their existence), cert. denied, 531 U.S. 1036 (2000).

The district court should have abstained, and the only remaining question is how--by dismissing or merely staying the action. A stay is appropriate when a plaintiff is foreclosed from bringing his damages claims in the state proceeding. See Majors, 149 F.3d at 714; Simpson v. Rowan, 73 F.3d 134, 138-39 (7th Cir. 1995). But here Dr. Green could have brought his claim for damages along with his claim for administrative review. See Stykel, 742 N.E.2d at 914; Nelson, 44 F.3d at 502. We thus conclude that dismissal, rather than a stay of the claims against the Illinois Defendants, was appropriate here.

Accordingly, the district court's decision is AFFIRMED as to Dr. Green's civil conspiracy claim against HCSC. The district court's order as to the Illinois Defendants is VACATED and this case is REMANDED with directions to dismiss under Younger v. Harris as to the Illinois Defendants. Dr. Green's Petition For Certification of State Law Question, filed on May 24, 2001, is DENIED as moot.