**Reginald LEE, Plaintiff–Appellant,**

v.

**Catherine Ann BERNARD, et al.,**
**Defendants–Appellees.**

**No. 02–2603.**

United States Court of Appeals,
Seventh Circuit.

Submitted March 27, 2003.*

Decided March 27, 2003.

Before POSNER, MANION, and
WILLIAMS, Circuit Judges.

### ORDER

Reginald Lee says that while he was in
jail awaiting trial prosecutors accused him
of arranging a kidnapping and two shoot-
ings to intimidate potential witnesses. A

---

\* Appellees notified this court that they were
never served with process in the district court
and would not be filing a brief or otherwise
participating in this appeal. After examining
the appellant's brief and the record, we have
concluded that oral argument is unnecessary.
Thus, the appeal is submitted on the appel-
lant's brief and the record. *See* Fed. R.App.
P. 34(a)(2).

prosecutor in the state criminal case obtained from the presiding judge an order restricting Lee's telephone, mail, and visitation privileges. Lee responded by filing suit in the district court under 42 U.S.C. § 1983 against several corrections officers and administrators as well as assistant state's attorney Catherine Bernard, who allegedly tipped off a reporter to Lee's potential connection to the witness intimidation. The district court dismissed the case *sua sponte* under 28 U.S.C. § 1915(e)(2)(B), and although we agree with the court's decision to stop Lee's case from proceeding, we conclude that some of his claims should have been stayed rather than dismissed.

According to Lee's complaint, prosecutors believed that he arranged the shooting of Latoya Butler, the victim of the crime for which Lee was detained pending trial, as well as her brother. Prosecutors also believed that Lee ordered a kidnapping–it is not clear from Lee's complaint whether Latoya or someone mistaken for her was kidnapped. Consequently, Lee alleges, Bernard filed a motion with the judge presiding over his criminal case to prohibit him from talking to anyone other than his attorney. The state court granted the motion, barred all visits and telephone calls except from Lee's attorney, prohibited all outgoing mail, and directed that all incoming mail be read by jail personnel before delivery. Lee was moved to solitary confinement where he received no mail for almost three months, and because of the resulting psychological stress he attempted suicide by ingesting cleaning chemicals.

Lee contends that by enforcing the judge's order jail personnel denied him liberty interests without due process. Lee also alleges that Bernard violated his right to a fair trial by generating prejudicial pretrial publicity. Lee sought compensatory and punitive damages, and an injunction preventing jail personnel from further enforcing the state judge's order.

The district court dismissed Lee's complaint under the *Younger* doctrine, which precludes federal courts from interfering with pending state judicial proceedings based upon principles of comity, absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 52–54, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Green v. Benden*, 281 F.3d 661, 666 (7th Cir.), *cert. denied*, —— U.S. ——, 123 S.Ct. 100, 154 L.Ed.2d 29 (2002). *Younger* involved a federal suit seeking to enjoin the pending state criminal proceeding itself, *id.* at 53–54, 91 S.Ct. 746, but the doctrine has been extended to require abstention when faced with, among other types of suits, efforts to enjoin a correction facility's restriction of privileges. *Nelson v. Murphy*, 44 F.3d 497, 501–02 (7th Cir.1995).

In *Nelson*, inmates confined to a mental health facility lost their off-grounds privileges after two fellow inmates escaped. Like Lee, the inmates sued to enjoin the restriction and for money damages. *Id.* at 499. Because at the time the plaintiffs in *Nelson* filed suit the state criminal court was required by law to supervise their confinement, we held that they were still active litigants and, under *Younger*, should have raised their claims in their state case: "an inmate already participating in state litigation must make his stand there." *Id.* at 503. The proper forum for Lee's claims involving the restrictions on his privileges is, therefore, his state criminal case. (We do not know if Lee's state case is still pending, but that does not matter for our purposes, *see Green*, 281 F.3d at 666.)

On the other hand, Lee's claim against Bernard for statements she allegedly made to a reporter is not so clearly subject to *Younger* abstention. But we

need not decide whether *Younger* applies because the claim is premature. Lee alleged that Bernard relayed her statement to just one newspaper, and so, in the absence of pervasive pretrial publicity, Lee's claim can succeed only if he establishes that her statements caused actual juror prejudice. *See United States v. Allee,* 299 F.3d 996, 1000 (8th Cir.2002); *Willard v. Pearson,* 823 F.2d 1141, 1146 (7th Cir. 1987). According to Lee's federal court complaint, however, his state criminal trial had not even begun when he filed this suit, and therefore he cannot yet establish actual juror prejudice. *Willard,* 823 F.2d at 1146.

■ Although we agree that Lee's claim against Bernard was properly dismissed (though for a reason different than the one relied on by the district court), we disagree that *Younger* requires that his remaining claims also be dismissed. When a court abstains under *Younger,* it must stay, rather than dismiss, § 1983 claims for money damages that cannot be redressed in the state proceeding; otherwise, the plaintiff's claims may be time-barred by the time the state case is resolved. *Deakins v. Monaghan,* 484 U.S. 193, 202–03, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988); *Majors v. Engelbrecht,* 149 F.3d 709, 714 (7th Cir.1998). As far as we can tell, Lee has no opportunity to pursue money damages in his criminal trial, and therefore his claims involving the restrictions on his privileges should have been stayed, not dismissed. *Simpson v. Rowan,* 73 F.3d 134, 138 n. 9 (7th Cir.1995) (§ 1983 claims stayed because plaintiff had no opportunity to pursue money damages in a murder trial).

Accordingly, we AFFIRM dismissal of Lee's claim against Bernard, VACATE the dismissal of Lee's claims against the remaining defendants, and REMAND the case to the district court with instructions to stay Lee's § 1983 claims against all of the defendants except Bernard. Because we have partially vacated the district court's judgment, Lee has not incurred a strike for filing a frivolous complaint. 28 U.S.C. § 1915(g).