In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-3214

STROMAN REALTY, INC.,

*Plaintiff-Appellant,*

*v.*

DEAN MARTINEZ,
Secretary of the Illinois
Department of Financial and
Professional Regulation,[1]

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 06 C 1187—**Robert W. Gettleman**, *Judge.*

ARGUED MARCH 30, 2007—DECIDED OCTOBER 10, 2007

Before EASTERBROOK, *Chief Judge*, and BAUER and
WILLIAMS, *Circuit Judges*.

WILLIAMS, *Circuit Judge*. Stroman Realty, a national
timeshare brokerage company, was notified by the
Illinois Department of Financial and Professional Regula-

---

[1] After this appeal was filed, Dean Martinez replaced Fernando
Grillo as the Secretary of the Illinois Department of Financial
and Professional Regulation. We therefore substitute Dean
Martinez as the Appellee in this action. *See* Fed. R. App. P. 43(c).

tion that it had been conducting unlicensed brokerage activities that involved Illinois residents and property as well as timeshare developers that had offices in the state. Stroman continued its activities, against the Department's instructions, and filed for injunctive relief in federal court from the Department's enforcement of its regulations. The basis of Stroman's complaint was that such enforcement violated the dormant Commerce Clause. The Department subsequently filed an administrative complaint with the State's Office of Banks and Real Estate against Stroman to enforce Illinois licensing requirements and then moved to dismiss Stroman's federal complaint. The district court granted the Department's motion on abstention grounds.

We agree with this decision as we believe that the district court was required to abstain from interfering with a state proceeding that is ongoing, judicial in nature, and implicates the Department's important interest in regulating the real estate profession. We also find that the state proceeding affords Stroman an adequate opportunity to raise its federal claims. Since this case presents no exceptional circumstances that would warrant federal court intervention, we affirm.

## I. BACKGROUND

Stroman bills itself as the world's largest resale broker of vacation resort timeshares, maintaining a database of over one million property buyers, sellers, and renters. Stroman's business is built around a computer listing system that allows it to match buyers with timeshares. When a sale is made, Stroman mails contracts to the buyer and seller, and these transactions often involve parties and properties in multiple states, including Illinois. Stroman runs its operation out of Conroe, Texas, and

employs sales associates that hold only Texas real estate licenses.

On May 10, 2005, the Illinois Department of Financial and Professional Regulation mailed a cease-and-desist letter to Stroman's Texas office. The letter notified Stroman that the Department had received a complaint from an Illinois resident and had subsequently discovered that Stroman was engaged in timeshare brokerage activities in Illinois without the required licensure. In particular, the Department accused Stroman of (1) soliciting Illinois citizens in the purchase, sale, and rental of timeshare properties and (2) maintaining client relationships with Illinois citizens, timeshare developers who owned timeshares in Illinois, and timeshare developers with business offices located in Illinois. The letter instructed Stroman to either obtain an Illinois license or to stop doing business in Illinois.

Stroman responded on June 13, 2005, by seeking injunctive relief from the Department's enforcement of its licensing requirements in a federal court in the Southern District of Texas. Stroman's complaint alleged that the Department's attempted regulation of its timeshare resale brokerage business violated the dormant Commerce Clause of the Constitution. The Department, in turn, filed an administrative complaint against Stroman in which it alleged that, from August 1, 2000, until August 1, 2005 (the date of the Department's filing), Stroman had been engaged in timeshare resale brokerage in Illinois without a license in violation of the state's Real Estate Timeshare Act of 1999, 765 Ill. Comp. Stat. § 101/15-70(a), and the Real Estate License Act of 2007, 225 Ill. Comp. Stat. § 454/20-10(a). The administrative complaint charged Stroman with (1) serving as a timeshare resale agent for owners of property physically located in Illinois and for developers whose business offices were located in Illinois, and (2) offering its

timeshare resale services to Illinois citizens via mail and newspapers. The Department sought the assessment of a civil penalty of up to $25,000 against Stroman. *See* 765 Ill. Comp. Stat. § 101/15-25.

After filing its administrative complaint, the Department moved to dismiss Stroman's federal lawsuit citing the district court's lack of personal jurisdiction, improper venue, and failure to state a claim. The Department also argued that, because of the pending administrative action, the district court should abstain from deciding the case. The district court agreed that it lacked personal jurisdiction over the Department and transferred the case to the Northern District of Illinois. There, Stroman moved for a default judgment or, alternatively, to stay the administrative proceeding, which the district court denied.[2] The Department then filed an amended motion to dismiss, which the district court granted without prejudice. Stroman appeals.

## II. ANALYSIS

The district court did not reach the merits of Stroman's dormant Commerce Clause challenge, deciding instead that abstention was appropriate in light of the pending state court proceeding against Stroman. As the Supreme Court explained in *Younger v. Harris*, 401 U.S. 37, 43 (1971), this doctrine of abstention reflects Congress's "desire to permit state courts to try state cases free from interference by federal courts," except in special circumstances. Therefore, federal courts must abstain from enjoining or otherwise interfering in ongoing state court

---

[2] At oral argument, Stroman represented that neither party has pushed the state administrative action forward, and, as far as we know, it remains pending.

proceedings that are (1) judicial in nature, (2) involve important state interests, and (3) provide an adequate opportunity to raise the federal claims, as long as (4) no exceptional circumstances exist that would make abstention inappropriate. *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982)). We review de novo the district court's dismissal of Stroman's complaint on abstention grounds, *Majors v. Engelbrecht*, 149 F.3d 709, 712 (7th Cir. 1998), and begin by addressing the least controversial prongs of the *Middlesex* framework in this case, (1) and (3).

### A. The Proceeding Is Ongoing and Judicial in Nature.

It is uncontested that the state proceeding at issue is judicial in nature, as the motivating factor behind the Department's filing of its complaint was to enforce its real estate licensing requirements against Stroman. *See id.* at 712 (for *Younger* abstention purposes, administrative proceedings are judicial in nature when they are coercive, such as state enforcement proceedings). Yet Stroman disagrees that this proceeding should be characterized as "ongoing" since the Department filed its administrative complaint *after* Stroman filed its claim in federal court. But the precise timing and order of the Department's filing is less important than the extent to which the federal proceedings had progressed when the state proceedings began. *Younger* abstention has been held to apply when state proceedings begin after a federal complaint is filed, "but before any proceedings of substance on the merits have taken place in the federal court." *Hicks v. Miranda*, 422 U.S. 332, 349 (1975); *see also Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 666-67 (7th Cir. 2007) (court's resolution of Rule 12(b)(6) motion did

not constitute a proceeding of substance on the merits); *Mannheim Video v. County of Cook*, 884 F.2d 1043, 1045-46 (7th Cir. 1989) (same); *Ciotti v. County of Cook*, 712 F.2d 312, 313-14 (7th Cir. 1983) (same, for court's determination that plaintiff had standing to sue). When the Department filed its administrative complaint against Stroman, no "proceedings of substance" had occurred as the Department had yet to respond to Stroman's complaint in federal court. Therefore, for purposes of abstention, we consider the state proceeding at issue to be ongoing. We also conclude that this state proceeding provides Stroman with an adequate opportunity to raise its federal constitutional claim. In *Green*, an Illinois court's review of the administrative proceeding was determined to provide the plaintiff with an adequate opportunity to raise his due process and equal protection challenges. 281 F.3d at 666. We see no reason why Stroman's dormant Commerce Clause claim could not also be adequately addressed on judicial review in the event of an adverse administrative decision. *See* 225 Ill. Comp. Stat. § 454/20-75 (subjecting all final decisions of the Office of Banks and Real Estate to judicial review).

## B. An Important State Interest Is Involved and No Exceptional Circumstances Exist.

Having resolved that the state proceeding is ongoing, judicial in nature and can adequately address Stroman's claims, we consider whether it involves an important state interest. *See Green*, 281 F.3d at 666. The Department asserts that is has a legitimate, substantial interest in regulating timeshare brokerage activities involving Illinois residents or timeshare properties located within the state. But Stroman contends that *Younger* is inapplicable when an important *federal* interest is implicated. Stroman's argument is similar to the one rejected by

the Court in *New Orleans Pub. Serv., Inc. ["NOPSI"] v. Council of New Orleans,* 491 U.S. 350, 364-65 (1989), in that it essentially asserts, in light of its dormant Commerce Clause challenge, that the federal court should peek ahead to the constitutional issue and attempt to resolve it. In *NOPSI*, the Court responded to the petitioner's argument that abstention was inappropriate if a federal court was presented with a "substantial claim" that federal law preempts the challenged state action by stating, "[T]he mere assertion of a substantial constitutional challenge to state action will not alone compel the exercise of federal jurisdiction." *Id.* Therefore, when inquiring into whether abstention is required, the Court explained that "we do not look narrowly to [the State's] interest in the *outcome* of the particular case—which could arguably be offset by a substantial federal interest in the opposite outcome. Rather, what we look to is the importance of the generic proceedings to the State." *Id.* at 365. So Stroman's contention that the Department's attempt to regulate its business violates the dormant Commerce Clause in and of itself does not require us to forgo consideration of the State's interest in regulating the business of timeshare resales.

Alternatively, Stroman urges us to adopt the view that the Department's enforcement of the State's licensing requirements improperly limits access to the real estate brokerage market. In support, Stroman cites to *Harper v. Public Service Commission of West Virginia*, 396 F.3d 348, 354-55 (4th Cir. 2005), where abstention was deemed inappropriate in the face of a dormant Commerce Clause challenge because the State's licensing requirements did not reflect a valid interest in preventing the improper disposal of waste, but rather, "*by its very nature* serve[d] to impede interstate commerce." But we do not think the Department's interest is one which, by its very nature, unduly burdens interstate commerce.

According to the Department, its regulation of real estate professionals serves "to protect Illinois consumers against evil, fraudulent, dishonest and incompetent practices, to ensure a minimum level of competence and familiarity with the State's applicable laws, and to assess the fitness to practice based on character and trustworthiness." The Department has a legitimate and substantial interest in setting and enforcing the standards for those who deal with property sales involving its citizens. *See, e.g.*, *Coldwell Banker Residential Real Estate Servs. of Ill., Inc. v. Clayton*, 475 N.E.2d 536, 542 (Ill. 1985) (the State has a "substantial interest in regulating the real estate profession"); *see also Thompson v. Schmidt*, 601 F.2d 305, 308 (7th Cir. 1979) (a given state has a "legitimate and substantial interest" in setting the qualifications for professions that require special skills and affect the general welfare). At best, Stroman has argued that the statutes the Department seeks to enforce have the type of *incidental* effects that a valid licensing scheme has on out-of-state companies. This is different from the state regulation at issue in *Harper*, which the Fourth Circuit found aimed to limit access to the waste removal market. In addition, as we noted in *Midwestern Gas Transmission Co. v. McCarty*, 270 F.3d 536, 539 (7th Cir. 2001), a state has no basis for invoking *Younger* if it seeks to enforce an invalid interest, such as the regulation of activities under exclusive federal control. In this case, however, the Department's interest does not concern the regulation of an activity that is under exclusive federal control, nor does it, as the district court pointed out, fall under an area of even partial federal control. *See Stroman v. Grillo*, 438 F. Supp. 2d 929, 934-35 (N.D. Ill. 2006). Rather, we find that the proceeding involves a valid, legitimate state interest—the regulation of real estate professionals engaged in the business of timeshare brokerage—and thereby meets the second abstention prong.

Based on the above findings, abstention is required unless Stroman can demonstrate any exceptional circumstances that would require federal intervention. *See Green*, 281 F.3d at 666. For example, when "(1) the state proceeding is motivated by a desire to harass or is conducted in bad faith, (2) there is an extraordinarily pressing need for immediate equitable relief, or (3) the challenged provision is flagrantly and patently violative of express constitutional prohibitions," federal intervention in the state proceeding is appropriate. *Jacobson v. Village of Northbrook Mun. Corp.* 824 F.2d 567, 569-70 (7th Cir. 1987) (internal quotations and citations omitted). Stroman has shown no exceptional circumstances that warrant reversing the district court's decision to abstain.

First, there is no indication that the Department filed its complaint in bad faith. We are not troubled by the timing of the filing, after Stroman filed its federal complaint, because by that point it presumably became evident to the Department that Stroman did not plan to comply with the cease-and-desist letter by discontinuing its brokerage practices. Nor do we find that there exists an "extraordinarily pressing need" for equitable relief in the form of a federal injunction. Stroman claims that it will face repeated investigation and administrative action, subjecting it to a $25,000 fine for each act of allegedly regulated conduct. To date, however, only one administrative action has been filed against Stroman, and because that action remains pending, no fines have been assessed against it. Stroman also claims that its reputation will suffer from the implication that it is operating illegally. Without more, however, such speculation does not rise to the level of irreparable harm that would justify the intervention of a federal court.

Finally, the statute is not of the type that we would consider to be "flagrantly and patently" violative of the Constitution. *See Younger*, 401 U.S. at 54 ("[T]he *possible*

unconstitutionality of a statute 'on its face' does not in itself justify an injunction against good-faith attempts to enforce it . . . ." (emphasis added)).

## III.  CONCLUSION

For the reasons outlined above, the judgment of the district court is AFFIRMED.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*