NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 7, 2008[*]
Decided July 7, 2008

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

Nos. 06-3750, 07-1835 & 07-3087

| | |
|---|---|
| ERIC TAYLOR and GAIL TAYLOR, *Plaintiffs-Appellants*, | Appeals from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:06-cv-913-SEB-WTL |
| MARION COUNTY CIRCUIT COURT NO. 1, et al. *Defendants-Appellees*. | Sarah Evans Barker, *Judge*. |

## O R D E R

Eric and Gail Taylor filed three notices of appeal, each challenging a different order, the last of which dismissed their case with prejudice for failure to prosecute. We dismiss the first appeal as moot and dismiss the second appeal for lack of appellate jurisdiction. In the third appeal, we affirm the dismissal of their case.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

This case began with a heartbreaking tragedy. In 1999 the two-year old daughter of Eric and Gail Taylor wandered onto their neighbors' property in Indianapolis, Indiana, accidentally fell into the swimming pool, and nearly drowned. She suffered severe and permanent brain injuries. The Taylors, represented by attorneys Samuel L. Jacobs and William W. Hurst, sued their neighbors and their neighbors' insurers. They settled for $5.3 million in 2003, which, according to the defendants, was the limit of the neighbors' homeowner's insurance policy.

Soon thereafter, the Taylors became convinced that their lawyers had filed and settled claims on their behalf that they did not disclose to the Taylors. In 2004 the Taylors filed a complaint in Marion County Superior Court alleging that Jacobs and Hurst conspired with judicial officials at the Marion County Superior Court to conceal undisclosed claims and hide settlement funds. While their case was pending in state court, the Taylors filed a pro se complaint in federal court against Jacobs, Hurst, Marion County Superior Court, Marion County Circuit Court, and the Indiana Court of Appeals alleging that they violated their right to due process. The Taylors' unfocused complaint, after repeating the allegations made against Jacobs and Hurst in state court, alleged that the state courts attempted to aid Jacobs and Hurst in concealing secret settlement funds by preventing the Taylors from obtaining discovery. They followed their complaint with a motion for a preliminary injunction aimed at enjoining proceedings regarding the award of attorney fees in the Indiana Court of Appeals. That motion was denied, and those proceedings have since concluded, although other proceedings against Jacobs and Hurst in state court are still ongoing. The Taylors timely filed a notice of appeal challenging the denial of the preliminary injunction.

The defendants then moved to dismiss the action. Because the Taylors could not represent their children pro se, *Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001), the district court ordered that counsel file an appearance on behalf of the children or their claims would be dismissed. The court also ordered the Taylors to clarify what claims they asserted personally. The Taylors then filed a response, arguing that they should be able to proceed pro se on behalf of their children. In an order entitled "Entry Concerning Selected Matters," the district court dismissed any "claims for injunctive relief which duplicate claims asserted in any pending lawsuit in the Indiana state courts" under *Younger v. Harris*, 401 U.S. 37 (1971). The court also explained that "no partial final judgment shall issue at this time as to the claims resolved in this entry" and instead instructed the Taylors to clarify what, if any, claims remained. The court warned the Taylors that if they again failed to comply with the court's directive, their case would be dismissed. Instead of responding to the district court's order, the Taylors filed a notice of appeal challenging the "Entry Concerning Selected Matters."

After the Taylors failed to respond to the district court's order, the court dismissed their case with prejudice "as abandoned and as a sanction for the plaintiff's failure to comply with the court's order regarding the development of this action." The court pointed out that the Taylors failed to respond to two court orders seeking clarification of their claims and that the court had warned them that a failure to respond would result in dismissal. The Taylors then filed a third notice of appeal, this time challenging the final dismissal of their case.

We consolidated all three of the Taylors' appeals and review them now in the order that they were filed. We lack jurisdiction over the Taylors' appeal from the order denying their preliminary injunction because that appeal is moot. *Orion Sales, Inc. v. Emerson Radio Corp.*, 148 F.3d 840, 842 (7th Cir. 1998) ("[R]eview of a preliminary injunction that has become moot would run afoul of the constitutional command that limits our jurisdiction to 'cases' and 'controversies.'" (quoting U.S. CONST. art. III, § 2)). The proceeding that the Taylors moved to enjoin was terminated on April 12, 2007, and there is no relief that we could grant the Taylors on appeal. The first appeal, therefore, must be dismissed as moot. *See St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 626 (7th Cir. 2007).

We also lack jurisdiction over the appeal from the "Entry Concerning Selected Matters" because it is an impermissible interlocutory appeal. Our jurisdiction is limited to appeals from "final decisions" in the district court, with certain exceptions not relevant here. 28 U.S.C. § 1291; *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 790 (7th Cir. 2004). Here, the district court deliberately refrained from entering an order of final judgment on the dismissed claims in order to give the Taylors another chance to clarify their claims, and "orders that specifically contemplate further activity in the district court are generally not final." *See Trs. of the Pension, Welfare, and Vacation Fringe Benefit Funds of IBEW Local 701 v. Pyramid Elec.*, 223 F.3d 459, 463 (7th Cir. 2000) (internal citation and quotation marks omitted). We therefore lack jurisdiction over the Taylors' second appeal.

We nevertheless reach the merits of the arguments in the Taylors' second appeal because they are subsumed into the merits of their appeal of the final order dismissing their case. *See American Nat'l Bank and Trust Co. of Chicago v. Equitable Life Assurance Soc'y of the United States*, 406 F.3d 867, 876 (7th Cir. 2005) (holding that appeals of final decisions can include all interlocutory decisions of the court that have not become moot). The Taylors argue that the district court erred when, based on *Younger* abstention, it declined to hear any of the claims seeking to enjoin ongoing state court proceedings. *Younger* abstention "reflects Congress's 'desire to permit state courts to try state cases free from interference by federal courts[.]'" *See Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007) (quoting *Younger*, 401 U.S. at 43). *Younger* abstention is appropriate when ongoing state

court proceedings are "(1) judicial in nature, (2) involve important state interests, and (3) provide an adequate opportunity to raise the federal claims, as long as (4) no exceptional circumstances exist that would make abstention inappropriate." *Id.; see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). We review the district court's dismissal of claims on abstention grounds de novo. *Stroman*, 505 F.3d at 662.

The Taylors argue that the first two prongs of *Younger* are not met because the ongoing state court proceedings are civil proceedings between two private litigants. This argument is unpersuasive. First, a lawsuit filed in a state court is undisputably judicial in nature, regardless of the parties involved. Second, the ongoing state proceedings involve, an important state interest, namely, the state's interest in adjudicating claims against Indiana lawyers. Furthermore, the court gave the Taylors ample opportunity to clarify any claims that would not interfere with the state court proceedings, and they failed to do so.

The Taylors also claim that the third prong of *Younger* was not met because the state court proceedings are patently unfair. The Taylors, however, bear the burden of showing they were unable to present their constitutional claims in state court, and they have failed to explain how they were barred from doing so. *Horn v. City of Chicago*, 860 F.2d 700, 703 n.5 (7th Cir. 1988); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987).

To the extent that the Taylors had any claims left after the dismissal of their claims for injunctive relief against the state court, they abandoned them for failure to prosecute. We review a district court's dismissal of a case for failure to prosecute under the abuse of discretion standard. *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). We presume that the district court acted reasonably unless it is plain that the dismissal was a mistake or the court did not consider factors "essential to the exercise of sound discretion." *Id.* (citation and internal quotation marks omitted). Here the court dismissed the Taylor's complaint after repeatedly asking them to clarify their claims and specify what claims, if any, were in their names only. This request was perfectly reasonable given the confusing nature of the Taylors' complaint. The Taylors were recalcitrant, arguing only that they should be allowed to continue to represent their children pro se and never giving a substantive response to the court's requests. In fact, after the court's second order for clarification, the Taylors did not respond at all. Furthermore, the court warned the Taylors that a failure to respond to its request would result in a dismissal with prejudice. The court did not abuse its discretion when it then followed through with that warning. *See Robinson v. Doe*, 272 F.3d 921, 924 (7th Cir. 2001).

We therefore DISMISS the appeal (No. 06-3750) from the denial of the preliminary injunction as moot; we DISMISS the appeal (No. 07-1835) from the "Entry Concerning

Selected Matters" for lack of appellate jurisdiction; and we AFFIRM the dismissal of the case (No. 07-3087).