**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2009[*]
Decided May 7, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

TERRENCE T. EVANS, *Circuit Judge*

No. 08-1798

| | |
|---|---|
| PAUL OLSSON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 07 C 6436 |
| MARK C. CURRAN, JR., | |
| *Defendant-Appellee.* | Wayne R. Andersen, |
| | *Judge.* |

**O R D E R**

Paul Olsson, a detainee in the Lake County Jail, is awaiting trial in Illinois state court on multiple counts of criminal sexual assault. He filed a petition for a writ of habeas corpus in federal court, *see* 28 U.S.C. § 2241, arguing that the Illinois state court denied him his right

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

to counsel, a speedy trial, and due process. The district court abstained under *Younger v. Harris*, 401 U.S. 47 (1971), finding that Olsson had not exhausted his state-court remedies and had not presented any special circumstances justifying granting his petition. We affirm the district court's dismissal of Olsson's petition.

Olsson was a tennis instructor. In 2005, he was charged in the Circuit Court of Lake County, Illinois, with sexually assaulting several of his students—all teenage and pre-teen girls. Although represented by retained counsel, Olsson himself submitted three affidavits from eyewitnesses to his arrest in a bid to suppress evidence gained at his arrest. The judge removed the affidavits from the record because Olsson was represented by counsel. Angered at the removal of the affidavits from the record, Olsson fired his attorney, and a public defender was appointed to him.

Soon thereafter, the court found Olsson unfit to stand trial and transferred him to the Elgin Mental Health Center. Five months later, the state court once again found him unfit. Finally, while this appeal was pending, the staff at the mental health center found Olsson competent and transferred him back to the Lake County Jail for a fitness hearing.

Olsson's petition for a writ of habeas corpus and his appellate brief contain an abundance of claims for us to sift through. Olsson argues generally that the court unlawfully conspired with his retained counsel and the prosecutor to remove affidavits from the record, and that the state court lost jurisdiction of his case as a result of this conspiracy. According to Olsson, this conspiracy forced him to fire his retained attorney, thus denying him his Sixth Amendment right to counsel. He also argues that the court violated his speedy-trial rights in two ways. First, he maintains that the time he spent "maliciously and involuntarily" committed to a mental health facility should be charged against the state for speedy trial purposes. Second, he argues that the time he spent trying to replace counsel—he claims he contacted over 50 prospective lawyers who would not "touch [his] case with a 10-foot pole"— should be charged against the state as well.

Federal courts must abstain from interfering with state court criminal proceedings involving important state interests, as long as the state court provides an opportunity to raise the federal claims and no "exceptional circumstances" exist. *Stroman Realty, Inc., v. Martinez,* 505 F.3d 658, 662 (7th Cir. 2007). *See also Younger*, 401 U.S. at 43. Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies. *Braden v. 30th Judicial Circuit Court of Ky.,* 410 U.S. 484, 489-92 (1973); *Younger,* 401 U.S. at 49; *Stroman Realty, Inc.,* 505 F.3d at 662; *Neville v. Cavanagh*, 611 F.3d 673, 675 (7th Cir. 1979). *See also In re Justices of Superior Court Dep't of Mass. Trial Court*, 218 F.3d

11, 19 (1st Cir. 2000) (holding that federalism concerns required district court to abstain from considering pretrial habeas-corpus petition).

Although Olsson raises a speedy-trial claim, by his own admission he has not exhausted his state-court remedies, nor has he presented any exceptional circumstances to justify enjoining his state criminal proceeding. *See United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991). He claims that if he presented a speedy-trial claim in state court. He would waive his right to challenge the court's jurisdiction. And he complains that the state court ignored his repeated objections to its jurisdiction based on the alleged conspiracy. But Olsson has not been prevented from bringing his constitutional claims in state court. He simply refuses to do so under the misguided assumption that it would waive his jurisdiction argument. *See People v. Flowers*, 802 N.E.2d 1174, 1182 (Ill. 2004) ("[l]ack of subject matter jurisdiction is not subject to waiver"); *People v. Speed*, 743 N.E.2d 1084, 1088 (Ill. App. Ct. 2001). Olsson has failed to show that the state court did not give him an adequate opportunity to present his constitutional claims. *See Castor*, 937 F.3d at 297.

None of Olsson's other claims justify federal court interference in his state criminal proceeding, and the district court properly abstained from interfering in Olsson's criminal case, *see Martinez*, 505 F.3d at 662. We AFFIRM the court's dismissal of his petition.