┌─────────────────────────────────────────────┐
**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 22, 2019[*]
Decided April 23, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-3676

| | |
|---|---|
| BRETT COLE,<br>    *Petitioner-Appellant*, | Appeal from the United States District<br>Court for the Central District of Illinois. |
| *v.* | No. 18-3175 |
| LARRY BECK,[**]<br>    *Respondent-Appellee*. | Sue E. Myerscough,<br>*Judge*. |

## O R D E R

Brett Cole, a detainee in Sangamon County Jail in Illinois, awaits trial on charges of retail theft, aggravated battery, and resisting a police officer. He filed a petition for a writ of habeas corpus in federal court, *see* 28 U.S.C. § 2241, arguing that the State of

---

[*] The defendant was not served with process in the district court and is not participating in this appeal. We have agreed to decide this case without oral argument because the appellant's brief and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

[**] As explained in the order, we have substituted the Superintendent of the Sangamon County Jail as the proper respondent.

Illinois is violating his rights to due process, equal protection, and a speedy trial. The district judge dismissed Cole's petition after finding his claims did not present any "exceptional circumstances" that would allow a federal court to interfere in his state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 43 (1971); *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007). The judge deemed meritless the only claim that raised the possibility of an exceptional circumstance—that the State denied Cole a speedy trial in violation of the Sixth Amendment. We affirm.

After an alleged altercation with a police officer, Cole was arrested and placed in Sangamon County Jail in December 2017. Beginning in January 2018, he made multiple oral motions for a speedy trial during his court hearings.[1] But he also filed numerous other motions, including for "due process," a change of venue, and a substitution of counsel. Between the original trial date of January 29, 2018, and the final pretrial conference on June 13, 2018, the trial court continued the trial date six times—four at Cole's request. Then, on the date of trial, June 18, the judge granted Cole's request for a mental fitness examination, and, in August, Cole was found unfit to stand trial and was placed on a 30-day treatment plan. He was found "restored" the next month but then refused to attend two court hearings. In November 2018, the trial judge ordered another fitness assessment; last month, he again was deemed competent to stand trial.

In the meantime, Cole filed this § 2241 habeas petition. He alleged that his Sixth Amendment right to a speedy trial was being violated and that his oral motions in state court satisfied the requirement that he exhaust his administrative remedies. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489 (1973). He also alleged that the charges against him were groundless and that the State was violating his constitutional rights to due process (because of evidence tampering) and equal protection (because a police officer had battered him). He requested "immediate release" from jail. He later filed an "amendment" that repeated his allegations and added, without elaboration, that the State was violating the Eight Amendment as well as the Privileges and Immunities Clause and the Thirteenth Amendment's ban on involuntary servitude. The district court dismissed his petition, concluding that it must abstain under *Younger*, and denied leave to amend. Cole appeals.

---

[1] Like the district court, we take judicial notice of the public case information for Cole's criminal case in Sangamon County, 2017-CF-00136. *See Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012).

We review the dismissal of Cole's § 2241 petition de novo. *Pope v. Perdue*, 889 F.3d 410, 413 (7th Cir. 2018). First, we must confront Cole's failure to name an appropriate respondent. A § 2241 habeas petition must be "directed to the person having custody of the person detained," 28 U.S.C. § 2243, namely, the person with "day-to-day control" over him: the warden, *see Robledo-Gonzales v. Ashcroft*, 342 F.3d 667, 673 (7th Cir. 2003). "Sangamon County" is not a "person"; nor is it the custodian under the statute. Because this petition was appropriately filed in the Central District of Illinois (eventually—it was originally filed elsewhere), the judicial district in which Cole is incarcerated, we will substitute the Superintendent of the Sangamon County Jail as the respondent.

Although Cole's initial and amended petitions set forth several claims, the only plausible argument that Cole makes is that the district court should have granted his habeas petition as to his speedy trial claim under the Sixth Amendment. But federal courts must abstain from interfering with state court criminal proceedings involving important state interests as long as the state court provides an opportunity to raise the federal claims and no "exceptional circumstances" exist. *See Stroman*, 505 F.3d at 662; *Younger*, 401 U.S. at 53–54. A well-founded claim that a petitioner's right to a speedy trial has been violated can be an exceptional circumstance because immediate federal intervention is necessary to prevent the challenge from becoming moot. *See Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010).

But here, the district judge did not err when concluding that Cole's Sixth Amendment claim lacked merit. The factors relevant to whether a delay violates a defendant's constitutional rights include: the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530–33 (1972); *O'Quinn v. Spiller*, 806 F.3d 974, 977 (7th Cir. 2015). Here, the length of the delay, which exceeds a year, is presumptively prejudicial. *See United States v. Oriedo*, 498 F.3d 593, 597 (7th Cir. 2007). This means that the delay "stretche[d] beyond the bare minimum needed to trigger judicial examination," *Doggett v. United States*, 505 U.S. 647, 652 (1992), so we inquire further.

"The flag all litigants seek to capture is the second factor, the reason for delay." *United States v. Loud Hawk*, 474 U.S. 302, 315 (1986); *see United States v. Hills*, 618 F.3d 619, 630 (7th Cir. 2010) ("[T]he reason for the delay is generally the focal inquiry."). That factor weighs decidedly against Cole. He requested most of the continuances of the trial date, twice refused to attend court, and asked to delay proceedings to have his fitness assessed. *See Hart v. Mannina*, 798 F.3d 578, 596 (7th Cir. 2015). Therefore, the bulk of the

responsibility for the pretrial delay rests with him, not the State. Indeed, the State timely filed its pretrial materials and was ready to begin on June 18, 2018.

The rest of the factors do not support Cole's position, either. Although Cole nominally asserted his right to a speedy trial, his requests must be viewed in light of his litigation conduct, including his substantial (often repetitive) motion practice and failures to appear. *See Loud Hawk*, 474 U.S. at 314-15; *Oriedo*, 498 F.3d at 600. Further, Cole cannot point to any prejudice that outweighs the concerns underlying the delay. *See Hills*, 618 F.3d at 630 ("A defendant who cannot demonstrate prejudice with specificity will not show a Sixth Amendment violation, no matter how long the delay."). Fitness evaluations are for the benefit of the accused; under the Constitution, the State *could not* try Cole until the judge found him competent. *See Indiana v. Edwards*, 554 U.S. 164, 170 (2008). Considering all the relevant factors, then, speedy trial concerns do not justify interference with Cole's prosecution.

Finally, Cole's petition could be read to include claims about his conditions of confinement or other constitutional torts. But the district court properly declined to address any such claims. Constitutional claims that do not have even an indirect effect on the duration of confinement cannot be raised through the federal habeas corpus statute. *Robinson v. Sherrod*, 631 F.3d 839, 840 (7th Cir. 2011).

We have considered Cole's other contentions on appeal, and none has merit.

AFFIRMED