# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEREMY SCHATH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 16A05-1308-CR-433 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DECATUR SUPERIOR COURT
The Honorable Matthew D. Bailey, Judge
Cause No. 16D01-1303-CM-177

**January 28, 2014**

**OPINION - FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

During the evening hours of November 17, 2012, Appellant-Defendant Jeremy Schath was raccoon hunting, with permission, on property located along the south side of County Road 640 in Decatur County. At some point, Schath's hunting dog crossed onto property on which Schath knew he did not have permission to hunt. When Schath became aware that his dog had entered the other property, he entered the property, unarmed, for the purpose of retrieving his dog.

On March 12, 2013, Appellee-Plaintiff State of Indiana charged Schath with Class C misdemeanor hunting upon private property without the consent of the landowner. The trial court conducted a bench trial on July 29, 2013, during which the State amended the charging information to include the allegation that Schath chased wildlife, *i.e.*, a raccoon, on privately owned property without the consent of the landowner. At the conclusion of the bench trial, the trial court found Schath guilty of the amended charge. On appeal, Schath contends that the evidence is insufficient to sustain his conviction. Concluding that the evidence supports only the inference that Schath went on to the property in question to retrieve his dog, not to "chase" a raccoon, we reverse.

**FACTS AND PROCEDURAL HISTORY**

During the evening hours of November 17, 2012, Schath was raccoon hunting, with permission, on property located along the south side of County Road 640 in Decatur County. The land located along the north side of County Road 640 is owned by Coffee Tree Farms, Inc. (the "Coffee Tree Farms Property). Schath knew that he was not permitted to hunt on

2

the Coffee Tree Farms Property. At some point, Schath's hunting dog crossed onto the Coffee Tree Farms Property. When Schath became aware that his dog had entered the Coffee Tree Farms Property, he entered the Coffee Tree Farms Property unarmed for the purpose of retrieving his dog. When Schath found his dog, the dog had cornered a raccoon in a drainage pipe. Schath retrieved his dog. Soon thereafter, the dog got away from Schath and returned to the drainage pipe. Schath again retrieved his dog and returned, with his dog, to his truck, which was parked on the property located on the south side of County Road 640.

On March 12, 2013, the State charged Schath with Class C misdemeanor hunting on private property without the consent of the landowner. The trial court conducted a bench trial on July 29, 2013. Following the conclusion of the State's case, the State requested and was granted permission to amend the charging information to include the allegation that Schath chased wildlife, *i.e.*, a raccoon, on the Coffee Tree Farms Property without permission of the landowner. At the conclusion of the bench trial, the trial court found Schath guilty of the amended charge.

## DISCUSSION AND DECISION

Schath contends that the evidence is insufficient to sustain his conviction for Class C misdemeanor chasing wildlife on private property without the consent of the landowner.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements

3

of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). "In essence, we assess only whether the verdict *could* be reached based on reasonable inferences that may be drawn from the evidence presented." *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012) (emphasis in original). Upon review, appellate courts do not reweigh the evidence or assess the credibility of the witnesses. *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002).

Indiana Code section 14-22-10-1 provides that "[a] person may not: (1) fish, hunt, trap, or chase … upon privately owned land without having the consent of the owner or tenant of the land." "'Chase', for purposes of [Indiana Code section 14-22-10-1], means following wildlife without the intent to take." Ind. Code § 14-8-2-39. A person who violates Indiana Code section 14-22-10-1 commits a Class C misdemeanor. Ind. Code § 14-22-38-1.

In the instant matter, the undisputed evidence demonstrates that on the night in question, Schath was raccoon hunting with his dog, with permission, on property located on the south side of County Road 640. The Coffee Tree Farms Property is located across County Road 640 from the property where Schath was hunting. Schath knew that he did not have permission to hunt on the Coffee Tree Farms Property. At some point, Schath's dog crossed County Road 640 onto the Coffee Tree Farms Property. The undisputed evidence also indicates that Schath entered the Coffee Tree Farms Property unarmed for the purpose of

4

retrieving his dog, and left the Coffee Tree Farms Property immediately after retrieving his dog.

While we do not reweigh the credibility of witnesses or the evidence on appeal, we note that in the instant matter, no such "reweighing" is necessary because all of the evidence in the record indicates that Schath entered the Coffee Tree Farms Property for the sole purpose of retrieving his dog, not for the purpose of chasing a raccoon. As such, we conclude that the evidence presented before the trial court was insufficient to sustain Schath's conviction for Class C misdemeanor chasing wildlife on private property without the consent of the landowner. Accordingly, we reverse Schath's conviction.

The judgment of the trial court is reversed.

MATHIAS, J., and PYLE, J., concur.