## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 08 2020, 8:55 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Amy E. Karozos
Indiana State Public Defender

J. Michael Sauer
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Marcus Conner,
*Appellant-Petitioner,*

v.

State of Indiana,
*Appellee-Plaintiff*

April 8, 2020

Court of Appeals Case No.
19A-PC-2106

Appeal from the Elkhart Superior Court

The Honorable George W. Biddlecome, Senior Judge

Trial Court Cause No.
20D03-1701-PC-5

**May, Judge.**

[1]     Marcus Conner appeals the post-conviction court's denial of his petition for post-conviction relief. He raises two issues for our review, which we revise and

restate as: (1) whether his trial counsel was ineffective for failing to assert his right to a speedy trial under the Indiana and United States Constitutions, and (2) whether his appellate counsel was ineffective for not arguing that there was insufficient evidence to demonstrate he committed his offense within 1,000 feet of a youth program center. We affirm.

## Facts and Procedural History

[2] In a memorandum decision affirming Conner's convictions on direct appeal, we summarized the facts and course of proceedings in his criminal case as follows:

> On September 19, 2012, Conner was arrested after he sold cocaine to two confidential informants during three separate controlled buys arranged by the Elkhart Police Department. Conner sold the cocaine from his home, which was located within 1000 feet of a youth program center. On September 24, 2012, the State charged Conner with three counts of Dealing in Cocaine, as Class A felonies,[1] and Maintaining a Common Nuisance, as a Class D felony.[2] On March 26, 2015, the State moved to amend the charging information to allege that Conner was a habitual offender.[3]

---

[1] Ind. Code § 35-48-4-1 (2006).

[2] Ind. Code § 35-48-4-13 (2001).

[3] Ind. Code § 35-50-2-8 (2005).

At Conner's initial hearing, a trial date was set for March 11, 2013.

On the court's own motion, and by an order dated March 8, 2013, the trial court vacated the March 11, 2013 trial date due to court congestion and set a pre-trial conference for April 11, 2013 for the purpose of selecting a new trial date. On Conner's motion, the pretrial conference was continued. At a pre-trial conference held on May 2, 2013, the trial was rescheduled for July 15, 2013.

On defendant's motion, and by an order dated July 12, 2013, the trial court vacated the July 15, 2013 trial date, 'with [Indiana Criminal Rule] 4 time chargeable to the Defense' (App. 149), and scheduled a pre-trial conference for July 25, 2013. At the conference, the trial was rescheduled for August 12, 2013.

On the State's motion, and by an order dated July 31, 2013, the trial court vacated the August 12, 2013 trial date due to court congestion. At a pre-trial conference held September 5, 2013, the trial was rescheduled for January 6, 2014.

On the court's motion, and by an order dated January 2, 2014, the court again vacated the January 6, 2014 trial date due to court congestion and set a pre-trial conference for February 6, 2014. At the conference, the court set the trial for March 24, 2014.

The State then filed two more motions to continue due to court congestion. By an order dated March 17, 2014, the March 24, 2014 trial was cancelled and rescheduled for June 23, 2014. By an order dated June 19, 2014, the June 23, 2014 trial date also was vacated.

On July 7, 2014, Conner, acting pro se, sent to the court a motion for discharge under Indiana Criminal Rule 4. Conner was represented by counsel at the time, so the court did not accept the filing. At a pretrial conference held July 31, 2014, the cancelled June 23, 2014 trial was rescheduled for January 26, 2014 [sic].

On October 23, 2014, Conner submitted another pro se motion for discharge, which the trial court again did not accept because Conner was represented by counsel.

On the State's motion, and by an order dated January 20, 2015, the court rescheduled the January 26, 2015 trial due to court congestion and set a pre-trial conference for February 26, 2015.

At the February 26, 2015 pre-trial conference, Conner, this time by counsel, filed in open court a motion for discharge under Indiana Criminal Rule 4. The court heard argument on the motion. The motion was denied, and trial was set for April 6, 2015.

On April 6, 2015, the day of trial, Conner's counsel moved to withdraw his representation due to a conflict of interest. The trial was continued.

A jury trial was held on July 20 and 21, 2015, and Conner was found guilty as charged. Conner admitted to being a habitual offender. By orders dated August 27 and 28, 2015, the trial court sentenced Conner to an aggregate sentence of seventy-two years.

*Conner v. State*, No. 20A03-1509-CR-1426, 2016 WL 3745924, slip. op. at 1-2

(Ind. Ct. App. July 13, 2016) (footnotes added).

[3]     On direct appeal, Conner argued that he was entitled to discharge under Indiana Criminal Rule 4(C) because two of the trial court's findings of court congestion were erroneous. *Id*. at 2-3. We held the number of days of delay chargeable to the State did not exceed 365. *Id*. at 5. Conner also argued the delay violated his constitutional right to a speedy trial, but we held the argument was waived because trial counsel did not raise the argument below. *Id*. at 6. We affirmed Conner's convictions. *Id*.

[4]     Conner filed a petition for post-conviction relief *pro se* on January 23, 2017. On June 27, 2017, the court appointed a public defender to represent Conner, and Conner filed an amended petition on November 8, 2018. The amended petition alleged ineffective assistance of both trial counsel and appellate counsel. The amended petition argued Conner's trial counsel were ineffective because they did not argue the delay in bringing Conner to trial violated Conner's right to a speedy trial. The amended petition also argued Conner's appellate counsel was ineffective for not arguing there was insufficient evidence to prove Conner sold cocaine within 1000 feet of a youth program center. The post-conviction court held a bifurcated evidentiary hearing on March 29, 2019, and May 3, 2019.

[5]     Conner's trial attorneys, Peter Todd and Christopher Crawford, as well as Conner's appellate counsel, Mari Duerring, testified at the hearing. Todd initially represented Conner at the trial level, but Crawford took over the representation of Conner following a reassignment of responsibilities among the Elkhart County public defenders. Crawford withdrew his representation when he discovered a conflict of interest, and Todd resumed his representation of

Conner. Todd testified at the hearing on Conner's petition for post-conviction relief that even though he was familiar with Criminal Rule 4 and the constitutional right to a speedy trial, he "didn't contemplate in [Conner's] case that that might be something [he] would file on [Conner's] behalf." (Tr. Vol. II at 10.)

[6] Crawford testified that, while he filed a motion for discharge under Criminal Rule 4, he thought he did not also assert Conner's constitutional right to a speedy trial because evidence was not lost as a result of the delay. Duerring testified she did not raise the issue of whether the State presented sufficient evidence to prove Conner dealt cocaine within 1,000 feet of a youth program center on direct appeal because she did not think the issue was as strong as the arguments she raised.

[7] On August 30, 2019, the post-conviction court issued an order denying Conner's petition for post-conviction relief with findings of fact and conclusions of law. Regarding Conner's claim his trial attorneys were ineffective for failing to adequately assert his constitutional right to a speedy trial, the court found

> the issue of whether [Conner] was entitled to be discharged under the speedy trial provisions of the United States and Indiana Constitutions was raised on direct appeal and decided adversely to [Conner]. Accordingly, as a matter of procedure, this argument is *res judicata* and not available for review in this [post-conviction proceeding].

(App. Vol. II at 134-135) (emphasis in original). The court nevertheless analyzed the delay from the date of Conner's arrest to his trial and determined the delay was justified. The court held

> trial counsel's performance cannot be said to have fallen below an objective standard of reasonableness when he chose not to object to the delay in this case on constitutional grounds as well as pursuant to Criminal Rule 4. Moreover, [Conner] has not demonstrated that had counsel done so, the result would have been different, i.e., he would have been discharged or his convictions would have been vacated.

(*Id.* at 138.)

[8] The court also found appellate counsel was not ineffective because Conner's argument that there was insufficient evidence to show he dealt cocaine within 1,000 feet of a youth program center was not supported by the record. The court made findings referencing an Elkhart Police Department officer's testimony during Conner's criminal trial that two Elkhart County Health Department buildings were located within 1,000 feet of Conner's residence and the testimony of both Gwen Jaeger and Melanie Sizemore regarding the programs offered to children at each of the two Health Department buildings.

# Discussion and Decision

[9] The petitioner for post-conviction relief must establish that he is entitled to relief by a preponderance of the evidence. *Timberlake v. State*, 753 N.E.2d 591, 597 (Ind. 2001), *reh'g denied*, *cert. denied* 537 U.S. 839 (2002). "Because he is now

appealing a negative judgment, to the extent his appeal turns on factual issues, [the petitioner] must convince this Court that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court." *Id.* "Where the [post[-]conviction] court has entered findings of fact and conclusions of law, we accept the findings of fact unless clearly erroneous, but accord no deference [to] conclusions of law." *Turner v. State*, 974 N.E.2d 575, 581 (Ind. Ct. App. 2012), *trans. denied.* We will reverse the post-conviction court's decision only if the evidence is without conflict and leads to a conclusion opposite that reached by the post-conviction court. *Id.* at 581-82.

[10] The Sixth Amendment to the United States Constitution provides that in all criminal prosecutions, a defendant is entitled "to have the assistance of counsel for his defense." U.S. Const. amend. VI. Counsel's assistance must be effective for this constitutional guarantee to be realized. *Strickland v. Washington*, 466 U.S. 668, 686 (1984), *reh'g denied.* There is a strong presumption that trial counsel provided effective representation, and a petitioner must put forth compelling evidence to rebut that presumption. *McCullough v. State*, 973 N.E.2d 62, 74 (Ind. Ct. App. 2012), *trans. denied.* "Isolated poor strategy, inexperience, or bad tactics does not necessarily constitute ineffective assistance of counsel." *Id.* Rather, a petitioner must show that trial counsel's performance was deficient, and the petitioner was prejudiced by the deficiency. *Id.* at 75.

[11] When evaluating a defendant's ineffective-assistance-of-counsel claim, we apply the well-established, two-part *Strickland* test. "The defendant must prove: (1)

counsel rendered deficient performance, meaning counsel's representation fell below an objective standard of reasonableness as gauged by prevailing professional norms; and (2) counsel's deficient performance prejudiced the defendant, i.e., but for counsel's errors the result of the proceeding would have been different." *Bobadilla v. State*, 117 N.E.3d 1272, 1280 (Ind. 2019) (internal citation omitted). We also apply the *Strickland* test when evaluating a claim of ineffective assistance of appellate counsel. *Hollowell v. State*, 19 N.E.3d 263, 269 (Ind. 2014). The petitioner "must show appellate counsel was deficient in his or her performance and that the deficiency resulted in prejudice." *Id*.

## 1. Performance of Trial Counsel Regarding Conner's Right to a Speedy Trial

[12] Conner argues his trial attorneys were ineffective because they failed to preserve his constitutional right to a speedy trial. The United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. amend. VI. Additionally, the Indiana Constitution provides: "Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay." Ind. Const. Art. 1, sec. 12. In *Barker v. Wingo*, the United States Supreme Court announced a balancing test for courts to consider in determining if a criminal defendant has been deprived of the right to a speedy trial. 407 U.S. 514, 530 (1972). The test considers four factors: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id*. We use the *Barker* factors to analyze speedy

trial claims asserted under either the federal or the state constitution. *Sweeney v. State*, 704 N.E.2d 86, 102 (Ind. 1998).

[13] Indiana Criminal Rule 4 is meant to ensure that a defendant receives a prompt trial, but a Criminal Rule 4 challenge is separate and distinct from a claimed violation of a defendant's constitutional right to a speedy trial. *Austin v. State*, 997 N.E.2d 1027, 1037 n.7 (Ind. 2013). Criminal Rule 4(A) limits the amount of time a defendant may remain in jail awaiting trial. A defendant may not be held in jail without trial for a period in excess of six months unless the defendant moves for a continuance, the defendant delays the trial by his own act, or there is not sufficient time to try the defendant because of court congestion or emergency. Ind. Criminal Rule 4. Similarly, Criminal Rule 4(C) provides that a defendant shall not be held to answer a criminal charge for a period greater than one year unless the defendant moves for a continuance, the defendant delays the trial by his own act, or there is not sufficient time to try the defendant because of court congestion or emergency. *Id*. When evaluating a Criminal Rule 4 motion, we count the number of days the defendant has been held to answer a criminal charge, discount the number of days of delay attributable to the defendant's actions and court congestion, and if the total number of days exceeds the time period provided in the rule, grant the defendant relief. *See Curtis v. State*, 948 N.E.2d 1143, 1151 (Ind. 2011) (holding that "because the days that count toward the Rule 4(C) period exceed 365, the trial court should have granted Curtis's motion to dismiss and discharge").

[14] Initially, Conner challenges the post-conviction court's conclusion that his argument that he was entitled to discharge pursuant to the speedy trial provisions of the United States and Indiana Constitutions is barred by *res judicata* because the argument was raised on direct appeal. Conner acknowledges that "[i]f an issue was raised on direct appeal, but decided adversely to the petitioner, it is *res judicata*." *Reed v. State*, 856 N.E.2d 1189, 1194 (Ind. 2006). However, Conner argues we did not consider or decide whether Conner should have been discharged pursuant to the speedy trial provisions of the state and federal constitutions because we held on direct appeal that the challenge was waived. *See Conner*, *slip op*. at 6 ("Conner did not raise his constitutional claims before the trial court, either in his written motion for discharge or at the hearing on the motion. Issues not raised at the trial level are generally waived on appeal. Accordingly, Conner's constitutional speedy-trial claims are forfeited.") (internal citation omitted). Therefore, Conner maintains, he is not barred from arguing that he is entitled to post-conviction relief because his trial attorneys were ineffective in failing to preserve the issue for appeal. We agree that Conner's claim is not barred by *res judicata*. *See Reed*, 856 N.E.2d at 1195 (holding defendant's ineffective assistance of counsel claim was not barred by *res judicata* because, although a sentencing issue was raised on direct appeal, counsel did not raise argument that the court could not impose consecutive sentences).

### A. Length of Delay

[15] Conner argues all four *Barker* factors weigh in his favor. He notes the delay from when charges were filed against him to when he was tried was 1,029 days.[4] The length of the delay serves as a "triggering mechanism" for a defendant to assert his speedy trial right. *Barker*, 407 U.S. at 530. The tolerable length of a delay depends on the nature and circumstances of each case. *Id*. at 530-31. Conner points to *Ballentine v. State*, in which our Indiana Supreme Court noted that facially, "and without considering other factors," a delay of two-and-one-half years is "unusually long." 480 N.E.2d 957, 959 (Ind. 1985). Conner also cites *Logan v. State*, wherein our Indiana Supreme Court observed that a delay of over three-and-one-half years in the defendant's case "was considerable, unfortunate, and inexcusable." 16 N.E.3d 953, 962 (Ind. 2014).[5] Consequently, the Supreme Court held the length of the delay weighed heavily in Logan's favor. *Id*. Therefore, Conner contends the post-conviction court should have weighed heavily in his favor the length of delay between when Conner was charged and when he was tried.

[16] However, as the State points out, the length of the delay between when Conner was charged and when he was tried is not as long as the delay in some cases where defendants have made unsuccessful speedy-trial claims. *See*, *e.g.*, *Barker*,

---

[4] The time between charging and trial was 1,029 days. However, Conner was incarcerated for 1,034 days before trial because he was arrested five days before he was charged.

[5] Conner's case and *Logan* both originated in Elkhart Superior Court 3.

407 U.S. at 533 (a "well over five year[ ]" delay); *O'Quinn v. Spiller*, 806 F.3d 974, 977-79 (7th Cir. 2015) (finding reasonable application of *Barker* when state court denied speedy-trial claim for forty-two-month delay); *United States v. Oriedo*, 498 F.3d 593, 598 (7th Cir. 2007) ("nearly three years"); *Johnson v. State*, 83 N.E.3d 81, 87 (Ind. Ct. App. 2017) (1,579-day delay); *Sickels v. State*, 960 N.E.2d 205, 221 (Ind. Ct. App. 2012) (nine-year delay), *reh'g denied, aff'd on trans.* 982 N.E.2d 1010 (Ind. 2013). *But see Logan*, 16 N.E.3d at 962 (finding "three-and-one-half-year delay" unconstitutional). Therefore, while the delay in bringing Conner to trial was lengthy, the delay was not so long that it violated Conner's constitutional right to a speedy trial.

### B. Reasons for the Delay

[17] The next factor we consider is the reasons for the delay. We look with strong disfavor on any attempt by the State to delay trial in order to hamper the defendant's defense. *Barker*, 407 U.S. at 531. Purportedly neutral reasons for delay, such as negligence or overcrowded courts, are weighed less heavily against the State. *Id.* However, a missing witness or some other valid reason may fully justify delay. *Id.*

[18] In *Logan*, the court stated "[a]lthough a congested court calendar weighs less heavily against the State, it must be viewed as the responsibility of the government and an impediment to a defendant's constitutional right to a speedy trial." 16 N.E.3d at 963. Conner's trial was delayed 728 days due to court congestion, and Conner argues this delay should weigh against the State. Additionally, Conner's trial was delayed 105 days because his trial counsel

discovered a conflict of interest on the day of trial. Conner contends this delay should also be attributed to the State because the State could have determined there was a conflict of interest in advance of trial by reviewing the dockets of the confidential informant's criminal cases.

[19] However, Conner puts forth no authority to support his proposition that the State should have reviewed the confidential informant's chronological case summaries to determine if Conner's trial counsel had a conflict of interest. We decline to impose such a duty on the State. We also note that when the court continued Conner's trial due to court congestion, the court did so to accommodate older cases. (Prior Case App. Vol. I at 152 (moved for case charged in April 2009); 144-45 (moved for case charged in March 2012); 143 (moved for case charged in September 2010); 139-40 (moved for case charged in June 2012 and subject to Rule 4(B) request); 137-38 (moved for case charged in June 2012); 127-28 (moved for case charged in September 2011).) Therefore, while the delays due to court congestion weigh against the State, we give this factor slight weight because the delays were justified. *See Wilkins v. State*, 901 N.E.2d 535, 537-38 (Ind. Ct. App. 2009) (holding defendant's right to speedy trial was not violated when trial was continued due to court congestion), *trans. denied*.

### C. Assertion of Speedy Trial Right

[20] As explained in *Barker*: "The more serious the deprivation, the more likely a defendant is to complain. The defendant's assertion of his speedy trial right, then, is entitled to strong evidentiary weight in determining whether the

defendant is being deprived of the right." 407 U.S. at 531-32. Conner sent five *pro se* letters or motions to the trial court while he was represented by counsel complaining about the delay in bringing him to trial, and Conner's counsel filed a motion for discharge under Criminal Rule 4 in February 2015. The motion for discharge asked the court to release Conner from jail or dismiss the case. Conner notes the defendant in *Logan* objected seven times to the delay in bringing him to trial, and the *Logan* court held that these repeated assertions weighed in Logan's favor. 16 N.E.3d at 963.[6] Conner contends his *pro se* assertions should receive the same weight in the *Barker* analysis as motions made by counsel. However, as our Indiana Supreme Court observed in *Underwood v. State*, trial courts are "not required" to respond to *pro se* requests or motions when the litigant is represented by counsel. 722 N.E.2d 828, 832 (Ind. 2000) ("To require the trial court to respond to both Defendant and counsel would effectively create a hybrid representation to which Defendant is not entitled."), *reh'g denied*. We also note that a litigant's *pro se* requests could

---

[6] Conner offered the chronological case summary in *Logan* and motions Logan filed in the trial court as Petitioner's Exhibit 4 at the hearing on postconviction relief. However, the court did not admit the exhibit into evidence. Conner argues the exhibit "is relevant to a proper evaluation of Conner's assertion of his speedy trial right. The post-conviction court abused its discretion by refusing to admit Petitioner's Exhibit 4 into evidence." (Appellant's Br. at 29.) The trial court may refuse to admit evidence that is cumulative. *The Pelican, Inc. v. Downey*, 567 N.E.2d 847, 850 (Ind. Ct. App. 1991), *trans. denied*. Before ruling on the State's objection to Exhibit 4, the court asked Conner what the exhibit added to what was said in the *Logan* decision. Apparently unsatisfied with Conner's answer, the court sustained the State's objection. Therefore, we hold the trial court did not abuse its discretion in refusing to admit Exhibit 4. *See id.* at 850 (holding trial court did not abuse discretion in excluding cumulative evidence).

undermine trial counsel's litigation strategy. Therefore, Conner's assertion of his constitutional right carries little weight.

### D. Prejudice Due to Delay

[21] The speedy trial right is designed to protect three interests: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532. The most serious of these concerns is the possibility the defense may be impaired. *Id*. Conner argues he was prejudiced by his lengthy "oppressive pretrial incarceration." (Appellant's Br. at 30.) He notes his period of pretrial incarceration was longer than the defendant in *Logan*. 16 N.E.3d at 964 (Conner's 1,034 days as compared to Logan's 1,029 days). Conner disagrees with the post-conviction court's conclusion that his pretrial incarceration "although lengthy, is clearly explainable and justified." (App. Vol. II at 138.) However, Conner puts forth no assertion of prejudice beyond the fact of his incarceration. *See Johnson*, 83 N.E.3d at 87 ("The burden is on the defendant to show actual prejudice to prove a speedy trial deprivation."). In fact, Crawford testified evidence was not lost as a result of the delay. Therefore, this factor weighs heavily in favor of the State. *See id*. (holding prejudice factor weighed against defendant when his defense was not impaired).

[22] The length of delay in bringing Conner to trial was long, but other defendants have had longer delays without violating their rights to a speedy trial. Therefore, we weigh the length of the delay in Conner's favor but afford it little

weight. Similarly, we weigh the substantial delay due to court congestion only slightly against the State. We also weigh Conner's assertion of his speedy trial right slightly in his favor because, while his trial counsel did not explicitly raise Conner's constitutional right to a speedy trial, Conner's counsel did file a motion for discharge under Criminal Rule 4. However, most significantly, we weigh the lack of prejudice to Conner as a result of the delay heavily against Conner. Having considered all four *Barker* factors, we hold that Conner's trial attorneys did not perform deficiently because any constitutional challenge to the pretrial delay would not have been successful. *See Wingate v. State*, 900 N.E.2d 468, 474 (Ind. Ct. App. 2009) (holding trial counsel did not render ineffective assistance by not arguing the State violated Criminal Rule 4(B) when it filed additional charges).

## 2. Performance of Appellate Counsel

[23] Conner argues his appellate counsel was ineffective because she "failed to recognize that despite evidence of youth program centers within 1,000 feet of the offenses at the time of trial in 2015, there was no evidence of youth program centers at these locations at the time of the offenses in 2012." (Appellant's Br. at 33.) He argues the only evidence that a youth program center operated within 1,000 feet of Conner's house in 2012 was hearsay, which the trial court admonished the jury not to consider.

[24] Claims of ineffective assistance of appellant counsel generally fall into three categories: "(1) denying access to appeal; (2) waiver of issues; (3) failure to present issues well." *Harrison v. State*, 707 N.E.2d 767, 786 (Ind. 1999).

Appellate counsel is expected to present the issues on appeal most likely to result in a reversal, and we show strong deference to appellate counsel's strategic decision of which issues to bring. *Walker v. State*, 988 N.E.2d 1181, 1191 (Ind. Ct. App. 2013), *trans. denied*. "In evaluating whether appellate counsel performed deficiently by failing to raise an issue on appeal, we apply the following test: (1) whether the unraised issue is significant and obvious from the face of the record and (2) whether the unraised issue is 'clearly stronger' than the raised issues." *Id*. (quoting *Henley v. State*, 881 N.E.2d 639, 644 (Ind. 2008)).

[25] Conner maintains the absence of evidence regarding youth program centers in 2012 was significant and obvious from the face of the record, and the issue was clearly stronger than the issues raised on direct appeal by Conner's appellate counsel. Conner sold cocaine in three separate controlled buys between August 31 and September 19, 2012.[7] Conner's jury trial occurred on July 20 and 21, 2015. Melanie Sizemore testified during Conner's jury trial. She was an employee of Healthy Beginnings, a division of the Elkhart County Health Department, located at 1400 Hudson Street in Elkhart, Indiana.

[26] Conner challenges the post-conviction court's finding that the State "question[ed] Ms. Sizemore about her knowledge of the hours of operation in 2012, [sic] and established a business records exception to the hearsay

---

[7] The trial court took judicial notice that one of the controlled buys occurred on a Friday, and the other two controlled buys occurred on Wednesdays.

objection." (App. Vol. II at 161.) Conner objected on hearsay grounds to Sizemore's testimony about Healthy Beginnings' hours of operation in 2012. The court sustained Conner's objection and admonished the jury. While the State asked Sizemore additional questions to try to establish that her testimony fell within the business records exception to the hearsay rule, Conner contends such efforts were insufficient.

[27] However, we note the uncorroborated testimony of a single witness can sustain a conviction. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). Notwithstanding Sizemore's testimony, Conner's proposed sufficiency argument fails because of the testimony of Gwen Jaeger, manager of the nursing division for the Elkhart County Health Department building at 608 Oakland Avenue in Elkhart. The building housed an immunization clinic, a lead poison prevention program for small children, and other services. The clinic served both children and adults. Jaeger testified the clinic was open Monday through Friday and approximately twenty to thirty children would visit the clinic per day. The State asked Jaeger:

> [State:] So, Miss Jaeger, would children have been present at 608 Oakland Avenue on Friday, August 31st, at around 11:00 a.m.?
>
> [Jaeger:] I would say, yeah.
>
> [State:] Okay. What about on Wednesday, September 5th of 2012, about 1:30 p.m.?
>
> [Jaeger:] Yeah. We're not closed for lunch, so yeah. Yes.

> [State:] How about Wednesday, September 19th, 2012, at 1:45 p.m.?
>
> [Jaeger:] Yes.

(Prior Case Tr. Vol. II at 256.) Conner attempts to discredit this testimony by arguing there is no evidence in the record that Jaeger worked at the Oakland Avenue clinic in 2012. He also contends Jaeger's use of the present tense demonstrates she was testifying as to the hours of operation at time of trial rather than at the time of offense. However, these arguments would not have been successful on direct appeal because they are requests for us to reweigh the evidence. *See Schath v. State*, 2 N.E.3d 136, 138 (Ind. Ct. App. 2014) ("appellate courts do not reweigh the evidence or assess the credibility of the witnesses"). Therefore, we hold Conner's appellate counsel did not perform deficiently when she chose not to raise a meritless argument. *See Garrett v. State*, 992 N.E.2d 710, 724-25 (Ind. 2013) (holding appellate counsel did not perform deficiently by not raising weak double jeopardy argument on direct appeal).

# Conclusion

[28] Conner's trial attorneys did not perform deficiently by failing to raise a constitutional speedy trial objection to the delay in bringing Conner to trial. The delay was justified, and Conner's defense was not prejudiced as a result of the delay. Also, Conner's appellate counsel did not perform deficiently by failing to raise a sufficiency argument on direct appeal because such argument

would not have been successful. Therefore, we affirm the trial court's denial of Conner's petition for post-conviction relief.

[29] Affirmed.

Najam, J., and Altice, J., concur.